# N THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:07CV57-C

| | |
|---|---|
| GEDION W. TEKLEWOLDE,  )<br>)<br>　　　Plaintiff,　　)<br>)<br>　vs.　　　　　　　　)<br>)<br>STATE OF NORTH CAROLINA, )<br>NORTH CAROLINA STATE　)<br>POLICE,　　　　　　　)<br>)<br>　　　Defendants.　)<br>_____) | <u>**MEMORANDUM AND RECOMMENDATION<br>AND ORDER**</u> |

**THIS MATTER** is before the Court on the "Defendants' Motion to Dismiss" (document #4) and "Brief in Support ..." (document #5), both filed March 12, 2007. The <u>pro se</u> Plaintiff has not filed a brief in opposition or otherwise responded to the Defendants' Motion, and the time for filing a responsive brief has expired.

This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss be <u>granted</u> and that the Complaint be <u>dismissed</u>.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Taking the allegations of the Complaint, including the information contained in the traffic citation which the Plaintiff attached to his <u>pro se</u> pleading, as entirely true and construing them in the light most favorable to the Plaintiff, at 8:38 p.m. on August 14, 2006, Trooper A.S. Dowell of

the North Carolina State Highway Patrol was on regular patrol on Interstate 85 near mile marker 62 in Cabarrus County, North Carolina when he observed the pro se Plaintiff, Gedion W. Teklewolde, operating his 1998 Honda automobile in excess of the posted speed limit (65 miles per hour). Specifically, the radar device in Trooper Dowell's patrol car "clocked" the Plaintiff's speed at 79 miles per hour. Trooper Dowell then activated his blue light, and after the Plaintiff stopped on the side of the highway, issued a traffic citation for speeding.

The citation clearly states that the Plaintiff was to appear at 9:15 a.m. on Friday, September 15, 2006, in Courtroom 2 of the Cabarrus County Courthouse in Concord. The undersigned takes judicial notice of a Judgment that the Defendants attached to their Motion and which establishes that on October 5, 2006, the Plaintiff entered a plea of "responsible" to a reduced charge of speeding 70 miles per hour in a 65 miles per hour zone, and paid a $25 fine and $110 in court costs.

On December 27, 2006, the Plaintiff, who is African-American, filed his Complaint, which generally alleges that the Defendants violated his "constitutional rights" and "human rights." Specifically, the Plaintiff alleges that the enforcement of the motor vehicle laws, such as those governing the speed of vehicles on the public highways, is an attempt by the State to "re-invent modern day slavery." "Complaint" at 8 (document #1). Additionally, the Plaintiff alleges that the specific citation he was issued was manufactured from "thermal print (heat chemical active) [paper] deliberately to confuse, or abstract [sic] the orderly defense function of public (African-American and poorer white) ... [and] had [the Plaintiff] not noticed [the citation] changing its color under the sun heat in the car and move [sic] it to safety, the whole page would have turned in to a full black page and I would not have known where to go, contact or do." Id.

On February 5, 2007, the Defendants removed the state court action to the Western District

of North Carolina, citing federal subject matter jurisdiction. Removal has not been challenged and appears proper.

On March 12, 2007, the Defendants filed their Motion to Dismiss, which has been briefed as set forth above, and is, therefore, ripe for disposition.

## II. DISCUSSION OF CLAIMS

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996)(en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969). Accord Republican Party of NC, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief")(internal citation omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs.,

Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). This is particularly true of a motion to dismiss a complaint filed by a pro se plaintiff. Accord Haines v. Kerner, 404 U.S. 519, 520 (1972) (instructs court to "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); and Thompson v. Echols, 191 F.3d 448 (4th Cir. 1999) ("[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief").

In this case, however, taking the limited allegations of the pro se Complaint as entirely true and construing every possible inference therefrom in the Plaintiff's favor, his claims against the Defendants must be dismissed. Even taking the Complaint as an attempt by the Plaintiff to allege claims for unlawful search and seizure (the traffic stop) and arrest (issuance of the citation) under 42 U.S.C. § 1983 for violation of his constitutional rights, the Plaintiff has admitted that he was speeding. Accordingly, Trooper Dowell would be entitled to qualified immunity to any claim for unlawful seizure of the Plaintiff's property or person or unlawful arrest based on these facts because his conduct did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). See also Wilson v. Layne, 141 F.3d 111, 114 (4th Cir. 1998) (en banc), aff'd, 526 U.S. 603 (1999).

The purpose of the qualified immunity defense is to protect society from "the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." Anderson v. Creighton, 483 U.S. 635, 638 (1987). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475

U.S. 335, 341 (1986).  It protects law enforcement officers from "bad guesses in gray areas" and ensures that they are liable only "for transgressing bright lines."  Maciariello v. Sumner, 973 F.2d 295, 298 (4th Cir. 1992).  Accordingly, Officer Moore is entitled to qualified immunity because the Plaintiff has pled facts sufficient to show only that he properly was carrying out his assigned duties in investigating a routine traffic stop.

Finally, having found that Trooper Dowell was entitled to qualified immunity, that is, that there was no underlying constitutional injury, there is no basis for derivative liability under § 1983 against these Defendants.  Accord  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1979) (to establish agency's liability under § 1983, plaintiff must establish underlying constitutional injury); and Carter v. Morris, 164 F.3d 215, 217-19 (4th Cir.  1999) (same).

In short, other than the ludicrous assertion that the traffic laws are an attempt by the State to re-institute slavery, the Plaintiff has alleged nothing at all even hinting that the Defendants committed a constitutional violation.  Accordingly, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss be granted.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all Discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendants' "Motion to Dismiss" (document #4) be **GRANTED;** and that the Complaint be **DISMISSED WITH PREJUDICE.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)©, written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff, that is, Gedion W. Teklewolde, 6233 Donna Drive, Charlotte, North Carolina 28213; to counsel for the Defendants; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: April 2, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge