UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

GEDION W. TEKLEWOLDE, )
)
Plaintiff, )
)
vs. )
) Case No. 3:07-cv-57-C
STATE OF NORTH CAROLINA, NORTH )
CAROLINA STATE POLICE, )
)
Defendants. )
)

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**

On August 14, 2006, Gedion Teklewolde received a speeding ticket. Although he later pleaded "responsible" and paid a fine and court costs, Teklewolde filed a Complaint pursuant to 42 U.S.C. § 1983, asserting violations of his "constitutional rights" and "human rights." Specifically, the defendant alleges that the enforcement of the motor vehicle laws, particularly those governing the speed of vehicles on the public highways, is an attempt by the State to "re-invent modern day slavery."[1]

On April 2, 2007, the magistrate judge issued a Memorandum and Recommendation that the defendants' motion to dismiss be granted. (Doc. No. 7). The parties were advised that objections were to be filed in writing within ten days after service of the magistrate judge's decision. The plaintiff filed timely objections to the magistrate's recommendation.

---

[1] Additionally, Teklewolde claims that the specific citation he was issued was manufactured from "thermal print (heat chemical active) [paper] deliberately to confuse, or abstract [sic] the orderly defense function of public (African-American and poorer white) ... [and] had [the Plaintiff] not noticed [the citation] changing its color under the sun heat in the car and move [sic] it to safety, the whole page would have turned in to a full black page and I would not have known where to go, contact or do." (Complaint at 8).

1

A district court must generally review de novo those portions of a magistrate judge's memorandum and recommendation to which specific objections have been filed. 28 U.S.C. § 636(b)(1). However, de novo review is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the present case, the plaintiff's objections are general and conclusory.

This Court is under an obligation to read a pro se litigant's objections broadly rather than narrowly, id. at 48, but even a broad reading of the plaintiff's objections cannot transform them into something they are not. The plaintiff argues that he wanted to plead "not guilty" during an earlier court hearing, but that he was forced to negotiate with the state because he did not want to delay the court date. He does not, however, make any objections to the magistrate judge's findings of fact that he (i) in fact pleaded "responsible" to speeding charges, and that such a plea constitutes an admission of guilt, and (ii) that Trooper Dowell was therefore entitled to qualified immunity under § 1983.

After a careful review of the Memorandum and Recommendation, the Court finds that the magistrate judge's proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the magistrate judge's recommendation.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. No. 4) be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITH PREJUDICE.**

Signed: October 16, 2007

Robert J. Conrad, Jr.
Chief United States District Judge